# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

CIVIL MINUTES--GENERAL

Case No. CV 98-10083-ER (SHx)     Date August 9, 1999

Title Steven Brill v. Walt Disney Pictures, et al.,

================================================================
DOCKET ENTRY

================================================================
PRESENT:

        Hon. STEPHEN J. HILLMAN, MAGISTRATE JUDGE

| Sandra Butler | 99-59-60 |
|---|---|
| Deputy Clerk | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:

Belkynda B. Reck
Laura W. Adell

ATTORNEYS PRESENT FOR DEFENDANTS:

Eric M. Steinert
Daniel M. Petrocelli

ATTORNEYS PRESENT FOR WRITERS GUILD:

Anthony R. Segall

PROCEEDINGS: DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS:

Defendant Disney seeks to compel production of documents from plaintiff Brill and non-party Writers' Guild of America ("WGA") which have been withheld from production based on claims of attorney-client privilege, collective bargaining privilege, and/or work product doctrine. Oral argument was heard on August 9, 1999. For the following reasons, the magistrate judge GRANTS the Motion to Compel.

The parties have broken down the subject dispute into three categories:

1)     Documents reflecting communications between Brill and WGA attorneys;

ENTERED ON ICMS

AUG 11 1999

Minute Order
August 9, 1999
Page Two

---

  2) Documents reflecting communications between Brill's attorneys and WGA attorneys;

  3) Documents reflecting communications between Brill and/or his attorneys and non-attorney WGA employees.

  Initially, the court notes that profoundly absent is any factual basis upon which the court could conclude that there was an attorney-client relationship between Brill and WGA attorneys. There are no declarations from Brill or the WGA asserting that Brill sought and obtained confidential legal advice from WGA attorneys, or even that the parties entered into an agreement for the rendering of personal legal services to Brill. Therefore, the assertion of attorney-client privilege must fail. Neither Brill nor the WGA assert that they reasonably believed their communications were confidential. Attorneys may give legal opinions to a variety of persons without the creation of a legally cognizable attorney-client relationship. Moreover, it is undisputed that WGA never individually represented Brill regarding his merchandising claim. While WGA attorneys may have given Brill valuable legal advice, the court concludes that the advice was not given in the context of a legally privileged relationship.

  Therefore, any claim of a "joint client privilege" between WGA attorneys and Brill's personal attorneys must also fail, because WGA never represented Brill individually. Thus, Brill was never a "common client" of different attorneys.

  Moreover, case law supports the conclusion that a union attorney (such as a WGA attorney) does not enter into an attorney-client relationship with an individual union member by pursuing a grievance on behalf of the member. Rather, the attorney's client is the union itself. Peterson v. Kennedy, 771 F.2d 1244, 1258 (9th Cir. 1985). As there was no separate retainer agreement between Brill and WGA, this is an additional basis for concluding that no attorney-client relationship existed. Nor were the subject communications with Brill made at the direction of WGA officials for the purpose of securing legal advice from WGA counsel for the benefit of WGA itself. Therefore, Upjohn Co. v. U.S., 449 U.S. 383, 389-95 (1981), relied on by the WGA, is inapposite. Again, while the communications between Brill and the WGA attorneys may have also served to benefit the mission of the WGA, there is no factual basis to conclude that the communications were intended to be confidential. See Decl. of Braverman. Rather, it simply appears that Brill and the WGA may have shared certain interests in enforcement of the WGA mission, vis-a-vis Disney.

Minute Order
August 9, 1999
Page Three

---

      The generalized assertion that Brill and WGA shared some common interest, while likely true, does not mean that their direct or indirect communications are legally protectable. There is no factual support for the assertion that Brill's and WGA's interests were tightly aligned. Even if their interests arguably were aligned, there is no factual basis to conclude that communications between the parties and/or the attorneys were intended at that time to be kept in confidence or were privileged Therefore, the "common interest" claim also fails.

      The court also finds that the work-product assertion is without force. Even if WGA itself generated documents in anticipation of its own litigation against Disney, any protection was waived by disclosing the information to Brill or his personal attorneys.

      The court also rejects the assertion of a collective bargaining privilege in this context, namely the enforcement (as contrasted to the negotiation of) a collective bargaining agreement. Therefore, there is no legal basis for protection of communications between Brill (and /or his counsel) and non-attorney WGA personnel. The documents sought here by Disney will not invade the internal affairs or confidential information of the WGA. The cases cited by Brill and WGA are inapposite. Moreover, any theoretical collective bargaining privilege was waived when WGA shared the subject communications with Brill and/or his personal attorneys.

      The Motion to Compel is GRANTED. Compliance within 10 days.

Initials of Deputy Clerk

cc:  Judge Rafeedie
     Judge Hillman
     Parties of Record