1 H. BRUCE CARTER (State Bar No. 142828)
500 South Buena Vista Street
2 Burbank, California 91521-0554
Telephone: (818) 560-1644
3 Facsimile: (818) 567-2195

4 MITCHELL SILBERBERG & KNUPP LLP
WILLIAM L. COLE (State Bar No. 076089)
5 DANIEL M. PETROCELLI (State Bar No. 097802)
11377 West Olympic Boulevard
6 Los Angeles, California 90064-1683
Telephone: (310) 312-2000
7 Facsimile: (310) 312-3100

8 Attorneys for Non-Parties DISNEY ENTERPRISES, INC., and
ANAHEIM SPORTS, INC. and Defendant WALT DISNEY
9 PICTURES & TELEVISION

10 O'DONNELL & SHAEFFER, LLP
PIERCE O'DONNELL (State Bar No. 081298)
11 633 West Fifth Street, Suit 1700
Los Angeles, California 90071
12 Telephone: (213) 532-2000

13 Attorneys for Plaintiff
STEVEN BRILL

14

15            UNITED STATES DISTRICT COURT

16            CENTRAL DISTRICT OF CALIFORNIA

17                    WESTERN DIVISION

18 STEVEN BRILL, an individual,          CASE NO. CV 98-10083 ER (SHx)

19              Plaintiff,

20     v.                                 STIPULATION RE CONFIDENTIAL
                                          DISCOVERY MATERIAL AND ORDER
21 WALT DISNEY PICTURES and               THEREON
   TELEVISION, a California corporation; and
22 DOES 1 through 10, inclusive,

23              Defendants.

Stipulation re Confidential Discovery Material and Order Thereon

IT IS HEREBY STIPULATED by and among non-parties Disney Enterprises, Inc. ("DEI") and Anaheim Sports, Inc. ("ASI"), defendant Walt Disney Pictures & Television ("WDP&T"), and plaintiff Steven Brill ("Brill"), through their respective counsel of record, as follows:

1. Any party to this Stipulation who produces material (including writings, recordings, and photographs, as defined in Federal Rule of Evidence 1001 and documents and tangible things as defined in Federal Rule of Civil Procedure 34(a)) alleged by such party to constitute or contain a trade secret, proprietary or confidential information, which is not publicly known or which cannot be ascertained from publically available materials, may designate such material as subject to this Stipulation and confirming Order of the Court (the "Stipulation") by stamping on or otherwise permanently affixing to such material prior to its production the designation "CONFIDENTIAL" at the time of production or by identifying such documents in a letter within 25 days thereafter. In the case of documents produced prior to the date of the Court's order accepting this Stipulation, the producing party may provide a confidentiality designation for such documents, if necessary, within 30 days from the date of such order. All designations shall be stamped or affixed so as to not obscure or deface the material or any portion of its contents. Should any party hereto, counsel for any party hereto, or any person or entity not a party to this Stipulation, who obtains access to all or any material or information designated confidential under this protective order ("Confidential Material"), make copies, duplicates, extracts or summaries of or from such Confidential Material, or any portion thereof, the designation "CONFIDENTIAL," shall also be stamped on or affixed to such copies, duplicates, extracts or summaries, and all references in this Stipulation to Confidential Material shall be deemed to include and to apply to such copies, duplicates, extracts and/or summaries, and to all information derived from Confidential Material.

2. The designation by a party hereto of any material as confidential pursuant to paragraph 1 above shall not constitute an adjudication that such material in fact constitutes or

1 contains any trade secret, proprietary or confidential information, and is without prejudice to any
2 position that any other party or third person may assert regarding the claim of trade secret,
3 proprietary or confidential information by such party.

4
5       3. Confidential Material shall not be used or disclosed, in whole or in part,
6 directly or indirectly, by any person granted access thereto or disclosure thereof under or as a
7 result of this Stipulation, for any purpose or to any person or entity whatsoever, except insofar as
8 and to the extent that (i) such use or disclosure is actually and reasonably required by a party in
9 the preparation and/or trial of this action, and (ii) such use or disclosure complies fully with all
10 provisions of this Stipulation. Notwithstanding the foregoing, this Stipulation does not restrict
11 the right of the party producing Confidential Material ("Producing Party") to make such use or
12 disclosure of its own documents, things or materials as it otherwise is lawfully entitled to make.

13
14       4. Except as is otherwise provided herein, and subject to the special limita-
15 tions provided in paragraph 5 below, access to and/or disclosure of all or any part of Confidential
16 Material shall be permitted only to the following persons and subject to the following conditions:

17
18       a. To counsel employed by a party to this Stipulation and to such
19 counsel's employees who are actually involved in the preparation and/or trial of this action or any
20 appeal therein. Prior to such access or disclosure, the employees of counsel to whom such access
21 is permitted and/or disclosure is made shall be advised of, and become subject to, the provisions
22 of this Stipulation.

23
24       b. To persons retained by a party to this Stipulation or by such party's
25 counsel as expert witnesses or expert consultants ("Expert(s)") to assist counsel in the
26 preparation for that portion of the trial of this action relating to the Confidential Material to be
27 disclosed. Any person to whom disclosure of Confidential Material is to be made under this
28 subparagraph (b) shall be given a copy of this Stipulation and shall sign a Confidentiality

Agreement, the form of which is annexed hereto as Exhibit "A," before such person obtains access to or disclosure of any Confidential Material.

c. To a party to this Stipulation (or to any officer, director or employee of such party actively engaged in assisting counsel in the preparation for that portion of the trial of this action relating to the Confidential Material to be disclosed), or to a certified court reporter during deposition or trial of this action.

d. To a third party witness, provided that, prior to receiving access to or disclosure of any Confidential Material, such witness is given a copy of this Stipulation and is advised that the provisions of this Stipulation are applicable to him by Court Order and that he is subject to the jurisdiction of this Court. In no event shall such witness be permitted to retain a copy of any Confidential Material. However, nothing contained herein shall be deemed to prohibit a witness from reviewing the transcript of his or her deposition and exhibits attached thereto at a location other than the place of deposition.

e. <u>Any person covered by this Stipulation hereby agrees to be subject to the restrictions imposed by this Stipulation and to submit his person to the jurisdiction of the above-entitled Court for the purpose of securing compliance with the terms of this Stipulation</u>.

5. If the producing party desires that access to or disclosure of any Confidential Material be limited solely to counsel employed by a party or parties hereto and their employees as defined in paragraph 4(a) above, the producing party shall, prior to production to such counsel, stamp upon or otherwise permanently affix to the particular material to be subject to such special limitation the designation "CONFIDENTIAL-DISCLOSURE ONLY TO COUNSEL," "ATTORNEYS EYES ONLY," or the substantial equivalent. Except as permitted by paragraph 4(a) above, counsel receiving such specially designated materials or any information

Stipulation re Confidential Discovery Material and Order Thereon
-4-

1 derived therefrom ("Special Material") shall not permit access to or make disclosure of such
2 Special Material to anyone other than their employees as defined in paragraph 4(a) above.

3
4      6. Any material designated as "Confidential Material" or "Special Material"
5 shall be subject to this Stipulation until the commencement of trial unless the Court orders
6 otherwise (or the parties so agree in writing). No documents or testimony shall be subject to this
7 Stipulation for purposes of their use at trial until and unless the Court, upon a motion for a
8 protective order, so orders. If counsel for the receiving party wishes to challenge any designation
9 of any material, counsel shall serve upon counsel for the producing party a written Notice of
10 Objection specifying the material as to which challenge is being made (the "Specified Material").
11 A Notice of Objection may be served at any time, without regard to when the Specified Material
12 was produced. Once a Notice of Objection is served, the Producing Party must file and serve a
13 motion for a protective order within 21 calendar days. Disclosure of the Specified Material shall
14 not be allowed or made until and unless (a) an Order of Court permitting disclosure is first
15 entered and has become final, or (b) the Producing Party fails to file a motion for protective order
16 within 21 days of receipt of the Notice of Objection. If the Court rules that the Specified
17 Material is not entitled to a confidential designation, or that it is entitled to a lesser protection
18 than that provided for by this Stipulation, such ruling shall control all uses and disclosure of the
19 Specified Material.

20
21      7. Any person giving deposition testimony in this action, or counsel for such
22 person, may designate any portion of the testimony as Confidential Material or Special Material.
23 The reporter shall separately transcribe those portions of the testimony so designated (the
24 "Confidential Testimony"), and shall mark the face of the Confidential Testimony transcript with
25 the appropriate legend pursuant to paragraphs 1 and 5 above, specifying the particular pages
26 containing Confidential Testimony. The portion of the transcript so marked shall be treated as
27 Confidential Material or Special Material pursuant to the Stipulation. Any Confidential Material
28 or Special Material identified as an exhibit and/or annexed to the transcript of any deposition in

1  this action shall be treated in accordance with the provisions of this Stipulation, and the reporter
2  shall mark the face of any transcript to which such Material is annexed with the appropriate
3  legend from paragraphs 1 and 5 above, specifying the exhibits embodying such Material. This
4  Stipulation does not preclude presenting the original of the transcript in its entirety to the
5  deponent for review, correction and signing, nor does it preclude delivery by the reporter of
6  copies of deposition transcripts containing Confidential Testimony and/or annexing Confidential
7  Material or Special Material in their entirety and marked with the legend or legends provided
8  above, to counsel for parties to this Stipulation, which transcripts shall then be maintained by
9  such counsel in accordance with the provisions of this Stipulation. Furthermore, this Stipulation
10 shall not preclude the submission of Confidential Testimony, under seal, to the Court for
11 purposes of any motion or hearing. Nothing contained herein shall be deemed to prohibit the
12 ability of any party to disclose Confidential Testimony to the Court and/or jury at the trial of this
13 matter, subject to such other and further protections as may be ordered by the Court.

15      8.      If a portion of a deposition is designated confidential by a party or counsel
16 for a party pursuant to paragraph 7 of this Stipulation, no one is to be present for the confidential
17 portion of the deposition except the deponent, and officers of the Court, including the reporter,
18 and other persons otherwise permitted access to such Material under this Stipulation. Counsel
19 shall make appropriate arrangements to insure that only said persons are present during
20 confidential portions of the deposition.

22      9.      Counsel for any party to this Stipulation who obtains Confidential
23 Material, Special Material and/or Confidential Testimony from any other party or counsel shall
24 keep such Material and/or Testimony within his exclusive possession and control, and shall
25 maintain, possess, and control such Material and/or Testimony in a manner such that it is not
26 accessible to individuals not bound by this Stipulation. Such Material and/or Testimony shall be
27 filed or stored in a manner to preserve its confidentiality and to prevent all persons, other than

those provided access pursuant to this Stipulation, from having access to or obtaining disclosure of it.

10. If any party desires to use Confidential Material, Special Material and/or Confidential Testimony in any motion, pleading or other document filed with the Court, such Material or Testimony shall be filed under seal, and the enclosing envelope shall be marked with the following legend:

"CONFIDENTIAL MATERIAL

FILED UNDER SEAL

The material herein is filed under seal and shall not be opened or disclosed except by the Court or by order of the Court in this action. The material herein is subject to the provisions of the Stipulation and Confirming Order of the Court dated _____, 2000."

Copies of any motion, pleading or other document containing Confidential Material, Special Material and/or Confidential Testimony shall be stamped on the cover page with the appropriate legend from paragraphs 1 and 5 above. A party may file without seal any motion, pleading or other document containing Confidential Material, Special Material and/or Confidential Testimony upon written permission (or written confirmation of oral permission) by the party asserting confidentiality or upon written notice that the party has waived or relinquished its assertion of confidentiality.

11. If any party desires at a hearing to offer into evidence Confidential Material or Special Material and/or Confidential Testimony, or to use the same in such a way as to reveal its nature or contents, such offers or use shall be made only upon the taking of all steps reasonably available to preserve the confidentiality of such Material and/or Testimony.

12. Not more than 45 days after the final termination of this action, whether by final judgment, or settlement:

    a. The clerk of the Court shall return to the party that filed them all documents sealed as Confidential pursuant to this Stipulation that have been filed with the Court.

    b. Counsel for each party to this Stipulation, and each party, person or entity, who obtained Confidential Material or Special Material and/or Confidential Testimony subject to this Stipulation, shall assemble and return to the party, person, entity or witness, or to his attorney, who produced or disclosed such Material and/or Testimony and claimed confidentiality thereof, such Material and/or transcripts of such Testimony in its possession or subject to its control, except that all such Material constituting the work product of counsel shall be maintained by such counsel in its possession subject to this Stipulation until further order of the Court.

13. If any person permitted access hereunder to Confidential Material, Special Material, or Confidential Testimony intends or desires to disclose such Material or Testimony to any person not otherwise permitted access hereunder, the person seeking to obtain such disclosure (the "Disclosing Party") shall provide counsel for the producing party with:

    a. A statement identifying the Disclosing Party, identifying the person by or to whom access or disclosure is sought and that person's affiliation to any party to this action, and specifying what Material or Testimony is to be disclosed; and

    b. A Confidentiality Agreement signed by the person to whom disclosure is sought.

1  Such statement and Confidentiality Agreement shall be delivered to counsel for the producing
2  party at least 21 days prior to the date upon which disclosure is proposed to be made. Such
3  disclosure may then be made unless counsel for the producing party files and serves a motion for
4  a protective order within that 21-day period. In the event of such motion, access or disclosure of
5  the Material or the Testimony shall not be allowed or made until and unless an order of Court
6  permitting such access or disclosure is first entered and has become final. Nothing contained
7  herein shall be deemed to prevent any party from moving the Court, subject to the provisions
8  hereof, for an order modifying the scope of the Confirming Order of the Court.

14. Nothing in this Stipulation shall prevent any disclosure or use of such information, documents, or knowledge as any party may lawfully acquire or have lawfully acquired by means other than production in this litigation. The designation of documents or information as Confidential Material, Special Material and/or Confidential Testimony under this Stipulation shall not restrict use of duplicates or copies of the information, documents or knowledge lawfully acquired by means other than production in this litigation.

15. The parties agree that disclosure of Confidential Material, Special Material and/or Confidential Testimony in violation of this Stipulation does not constitute grounds for sanctions if (a) the disclosure was inadvertent; or (b) the Producing Party fails to demonstrate that the Confidential Material, Special Material and/or Confidential Testimony would have merited the issuance of a protective order under Federal Rule of Civil Procedure 26(c).

\\\
\\\
\\\
\\\
\\\

16. This Stipulation and Order is without prejudice to the right of any party to seek relief from the provisions herein.

DATED: March 6, 2000

MITCHELL SILBERBERG & KNUPP LLP
WILLIAM L. COLE
DANIEL M. PETROCELLI
MATT J. RAILO

By: _____
Matt J. Railo
Attorneys for Defendant
WALT DISNEY PICTURES AND TELEVISION

DATED: March __, 2000

H. BRUCE CARTER

By: _____
H. Bruce Carter
Attorneys for Non-Parties
DISNEY ENTERPRISES, INC. and ANAHEIM SPORTS, INC.

DATED: March 7, 2000

O'DONNELL & SHAEFFER, LLP
PIERCE O'DONNELL
BELYNDA RECK
LAURA W. ADELL

By: _____
Laura W. Adell
Attorneys for Plaintiff
STEVEN BRILL

Stipulation re Confidential Discovery Material and Order Thereon
-10-

## CONFIRMING ORDER OF THE COURT

Good cause having been demonstrated to the satisfaction of the Court, the foregoing Stipulation re Confidential Discovery Material is hereby confirmed as an ORDER of the Court.

Dated: 3/10, 2000

The Honorable Stephen Hillman
United States Magistrate Judge

## CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that:

(i) I have read the foregoing Stipulation, dated March __, 2000 (the "Stipulation"), which I am informed has been executed by the attorneys for the parties, and certain non-parties, in the action presently pending in the U.S. District Court for the Central District of California, Brill v. Walt Disney Pictures & Television, CV 98-10083 ER (SHx);

(ii) I understand the terms of the Stipulation;

(iii) I agree, upon threat of penalty of contempt and other civil remedies, to be bound by such terms; and

(iv) I irrevocably submit my person to the jurisdiction of the U.S. District Court for the Central District of California for the limited purpose of securing compliance with the terms and conditions of the Stipulation.

Dated: _____, 2000        _____
                                    Signature

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18, and not a party to the within action; my business address is Mitchell, Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

On March 13, 2000, I served the foregoing document(s) described as **STIPULATION RE CONFIDENTIAL DISCOVERY MATERIAL AND ORDER THEREON** on the parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows, and taking the action described below:

Laura Adell, Esq.
O'Donnell & Shaeffer, LLP
633 West Fifth Street, Suite 1700
Los Angeles, California 90071

☒ **BY PERSONAL DELIVERY:** I caused personal delivery of the document(s) listed above to the person(s) at the address(es) set forth above.

Executed on March 13, 2000, at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Matt J. Railo